IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

VALERIE KELLY,                    *
                                  *
        Plaintiff,                *
                                  *
        v.                        *
                                  *        CV 123-054
DOLLAR TREE STORES, INC. and      *
JOHN DOE,                         *
                                  *
        Defendants.               *
                                  *

_____

O R D E R

_____

Presently before the Court is Plaintiff's motion to remand. (Doc. 4.)  For the following reasons, the motion is **GRANTED**.

## I. BACKGROUND

On March 21, 2023, Plaintiff filed suit in the State Court of Richmond County, Georgia, seeking relief from Defendants for injuries she sustained when she tripped and fell on a box that was left on the floor of a Dollar Tree, Inc. ("Dollar Tree") store. (See Doc. 1-1, at 1-2.)  Dollar Tree was served on March 30, 2023.[1] (Doc. 1, at 2.)

_____

[1] Defendant John Doe was never served in this case and summons were never issued. Furthermore, generally, fictitious party pleading is not permitted in federal court.  See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citations omitted).  Neither party addresses the non-existence of John Doe in this case;

On May 1, 2023, Dollar Tree filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1367, and 1441.  (<u>Id.</u> at 5.)  On May 3, 2023, Plaintiff filed the present motion asking the Court to remand the action.  (Doc. 4.)  Dollar Tree filed a response in opposition to Plaintiff's motion.  (Doc. 8.)  The motion is now properly before the Court.

## II. DISCUSSION

On a motion to remand, the burden of establishing federal jurisdiction is placed upon the party seeking removal.  <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  It is well established that removal jurisdiction is construed narrowly with all doubts resolved in favor of remand.  <u>Mann v. Unum Life Ins. Co. of Am.</u>, 505 F. Appx 854, 856 (11th Cir. 2013) ("[W]e strictly construe removal statutes, resolving all doubts in favor of remand.").  In evaluating a motion to remand, the federal court makes its "determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties."  <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

For an action to properly be removed to federal court, the federal court must have original jurisdiction over the subject

---

thus, the Court will not allow this to affect its analysis of this motion to remand.

matter.   28 U.S.C. § 1441(a).   A federal district court has original jurisdiction over diversity cases and cases arising under federal law. 28 U.S.C. §§ 1331, 1332.  Here, Dollar Tree removed the case to this Court based on diversity jurisdiction.  (See Doc. 1, at 2.)   The Parties do not dispute they are diverse; instead, they dispute whether the amount in controversy exceeds $75,000. (See Doc. 4, at 1-2; Doc. 8, at 3-6.)

The defendant's right to remove and the plaintiff's right to choose his forum are not on equal footing, and, as such, there is a heavy burden of proof on the defendant to "prove jurisdiction exists despite plaintiff's express claim to less than the minimum jurisdictional sum[.]" Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  The weight of this burden "varies based on the allegations in the state court complaint." Gen. Pump & Well, Inc. v. Matrix Drilling Prods. Co., No. CV608-045, 2009 WL 812340, at *2 (S.D. Ga. Mar. 26, 2009) (citation omitted).

When a plaintiff makes a specific demand for judgment for less than the jurisdictional amount, the defendant is required to prove to "a legal certainty" that the amount in controversy actually exceeds the jurisdictional minimum. Burns, 31 F.3d at 1095.  Thus, a defendant may be permitted to remain in federal court under this standard only if he shows the case is clearly worth more than the jurisdictional threshold. See id. at 1096.

3

Alternatively, when a plaintiff has made an unspecified demand for damages in state court, a removing defendant must only prove the amount in controversy "by a preponderance of the evidence." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). So, if the damages are unspecified in the complaint, the defendant's burden is only to prove that the actual damages will "more likely than not" exceed the minimum jurisdictional amount. Id.

Here, Dollar Tree claims to fall within the second, lesser burden of proof. (See Doc. 8, at 2) The Court agrees. Plaintiff's Complaint clearly identifies a specific amount of $13,000, but this amount refers only to the damages sought for Plaintiff's medical expenses. (See Doc. 1-1, at 5.) Plaintiff also seeks to recover an unspecified amount in damages for lost wages, treatment expenses, pain and suffering, and all other damages allowed by Georgia law. (See id.) Accordingly, the Court finds that Plaintiff's damages are unspecified, and thus Dollar Tree need only prove that Plaintiff's damages exceed the minimum jurisdictional amount by a preponderance of the evidence.

The issue, however, is whether Dollar Tree has satisfied even this burden. Generally, when a complaint does not claim a specific amount of damages, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at

4

1319. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. (citation omitted).

As outlined above, Plaintiff seeks damages for medical expenses, lost wages, treatment expenses, pain and suffering, and all other damages allowed by Georgia law. (See Doc. 1-1, at 5.) Aside from Plaintiff's allegation that she incurred medical expenses totaling no less than $13,000, she does not specify any other particular dollar amounts sought. Thus, it is not facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000. Therefore, the Court turns to Dollar Tree's petition for removal. Dollar Tree again provides only a list of Plaintiff's specified and unspecified damages, which alone does not provide enough support to demonstrate that the amount in controversy exceeds the minimum requirement either. (Doc. 1, at 2-5.) To buttress its claim that the amount in controversy is met, Dollar Tree relies in its petition, and again in its response in opposition to Plaintiff's motion to remand, on Plaintiff's $1,000,000 pre-suit settlement demand as evidence of the amount in controversy at the time of removal. (Doc. 1, at 3; Doc. 8, at 6-8.)

A court may rely on settlement demand letters in determining jurisdiction, and "while [a] settlement offer, by itself, may not

be determinative, it counts for something." <u>Burns</u>, 31 F.3d at 1097. How much weight a settlement offer should be given depends on the circumstances. Settlement offers often reflect puffing and posturing, and "such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." <u>Jackson v. Select Portfolio Servicing, Inc.</u>, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (citations omitted). On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [her] claim" and are entitled to more weight. <u>Golden Apple Mgmt. Co. v. Geac Computs., Inc.</u>, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998) (citation omitted).

Here, Plaintiff's demand letter gives only general descriptions of the circumstances surrounding her injury and the medical treatment she received and expects to receive for her injury. (<u>See</u> Doc. 1-2.) The demand letter also indicates that medical records were enclosed for Dollar Tree's review. (<u>Id.</u> at 2.) Dollar Tree's notice of removal states the pre-suit settlement demand was supported by "over 100 pages of medical records," but the Court was provided only a copy of the demand letter without exhibits. (Doc. 1, at 3; Doc. 1-2.) Without specific information explaining a basis for a demand of $1,000,000, the Court declines to find the pre-suit demand letter is sufficient evidence that the

amount in controversy requirement at the time of removal was satisfied.

Additionally, Dollar Tree asks the Court to consider attorneys' fees in calculating the amount in controversy. (Doc. 8, at 8-10.) As Dollar Tree notes, the general rule is that attorneys' fees do not count towards the amount in controversy unless allowed for by statute or contract. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n.4 (11th Cir. 2003). Dollar Tree provides neither any specific, applicable exceptions nor evidence to support its contention that the inclusion of attorneys' fees would place the amount in controversy at the time of removal above $75,000. Thus, the Court will follow the general rule and will not count attorneys' fees towards the amount in controversy.

Based on what was provided to the Court, and because Dollar Tree offers no other evidence to show the amount in controversy threshold is satisfied, Dollar Tree has not met its burden, and this case must be remanded.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand (Doc. 4) is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the State Court of Richmond County, Georgia.

The Clerk is further **DIRECTED** to **TERMINATE** all remaining pending motions, if any, and **CLOSE** this case.

ORDER ENTERED at Augusta, Georgia, this 13th day of September, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA